NH

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Khalid Hamid Hadi,

Petitioner,

v.

Eric Rokosky,

Respondent.

No.   CV-26-03485-PHX-JAT (DMF)

**ORDER**

Self-represented Petitioner Khalid Hamid Hadi, who is confined in the Eloy Detention Center, filed this action under 28 U.S.C. § 2241 challenging his immigration detention and paid the filing fee. The Court will dismiss the Petition and this action.

**I.    Petition**

Petitioner is a citizen of Iran who entered the United States on June 22, 1998. Petitioner alleges he was sentenced to prison for five years and, upon the expiration of his sentence on October 31, 2025, was detained by immigration authorities.

On February 9, 2026, an Immigration Judge ordered Petitioner removed but granted him Deferral of Removal under the Convention Against Torture and Cancellation of Removal for Lawful Permanent Residents. Neither Petitioner nor the Department of Homeland Security filed an appeal.[1]

---

[1] Petitioner appears to claim his removal order became final on February 9, 2026. However, because no appeal was filed, his removal order became final upon "the expiration of the period in which [Petitioner was] permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47). Therefore, Petitioner's removal order became final on March 12, 2026.

Petitioner claims his prolonged detention is a violation of his Fifth Amendment right to due process and that there is no significant probability of his removal in the reasonably foreseeable future. Petitioner seeks immediate release from custody.

## II.    Failure to State a Claim

The Court must dismiss Petitioner's claims regarding his continued detention. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).

Because Petitioner filed his § 2241 Petition during the 90-day removal period, his detention is mandatory and the Court will dismiss the Petition without prejudice. *Id*. at 1301 ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions."). *See also Inemo S.C. v. Dep't of Homeland Sec.*, CV-19-02881-PJS (LIB), 2020 WL 2765108, at *2 (D. Minn. May 28, 2020) (rejecting petitioner's request to "consider claims likely to become ripe during the pendency of the litigation" and stating that "[t]he Court is not aware of any authority supporting [petitioner's] claim that a district court may grant a habeas petition challenging the length of pre-removal detention when the petition was filed before the end of the 90-day removal period"); *Ba v. Gonzales*, CV-07-00307-SPM (WCS), 2008 WL 2157073, at *2 (N.D. Fla. May 19, 2008) ("It is not enough that the period of time expired by the time the petition is ruled on . . . by the court, the *Zadvydas* period must have expired before the

petition is filed.").

**IT IS ORDERED:**

(1)  Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this action are **dismissed without prejudice**.

(2)  The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 22nd day of May, 2026.

_____
James A. Teilborg
Senior United States District Judge